**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 27, 2016
Date Decided: September 7, 2016

Richard E. Berl, Jr., Esquire
Berl & Feinberg, LLP
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

Michael S. Davis
Debra L. Davis
1297 North Bend Road
Jarrettsville, MD 21084

Re: *Pullin v. Davis*, C.A. No. 11829-VCG

Dear Counsel and Mr. and Mrs. Davis:

This matter involves two adjacent lots in Linn Woods development, a housing development near Dagsboro in Sussex County, Delaware. The Plaintiffs own Lot 1 and the Defendants own Lot 2. Lot 2, according to the Plaintiffs, is burdened by either an express or implied easement, which serves as a septic field for Lot 1. The easement was created by a common predecessor in title to Lots 1 and 2, which were in common ownership but nonetheless already subdivided at the time the alleged easement was created. When the Defendants bought Lot 2, they discovered the septic field and later plugged it, rendering the septic field unusable to the Plaintiffs. The Plaintiffs have sued to vindicate the easement and for damages.

The Defendants, who are pro se, filed a letter asking me to dismiss this action, which I deemed to be a speaking motion for judgment on the pleadings. An answering and a reply brief have been filed. In considering a motion for judgment on the pleadings, I view the facts pleaded and the reasonable inferences to be drawn therefrom in a light most favorable to the non-moving party. I must grant such a motion only where no material issue of fact exists and where the movant, here the Defendants, are entitled to a judgment as a matter of law.[1]

Here, there is a dispute as to whether the predecessor in title complied with County regulations in locating the septic field and in recording the easement burdening Lot 2. Also awaiting a developed record is whether the predecessor in title created an implied easement that burdens the Defendants' lot. Therefore, the motion to dismiss/motion for judgment on the pleadings is denied. The parties should consult and inform me within two weeks whether they are willing to have this case assigned to a Master for mediation. It is a matter that surely should be settled between reasonable neighbors. If this matter does not go to mediation or settle by September 21, 2016, I will impose a hearing date and a pretrial schedule that will move this matter quickly to a resolution. Although the Defendants have the right to represent themselves, I note that it is in their interests to consult an attorney

_____

[1] *Fiat N. Am. LLC v. UAW Retiree Med. Benefits Trust*, 2013 WL 3963684, at *7 (Del. Ch. July 30, 2013) ("A motion for judgment on the pleadings will be granted if no material issue of fact exists and the moving party is entitled to judgment as a matter of law.").

in this matter.  To the extent that the foregoing requires an order to take effect, IT IS

SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III